UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

UNITED STATES OF AMERICA

V.  CRIMINAL ACTION NO.
 5:96CR24-J
ANTHONY CHARLES GAINES, JR.  (5:05CV7-J)

MEMORANDUM OPINION

Anthony Charles Gaines and a co-defendant were charged with three felony counts arising out of a homicide and attempted robbery on a federal reservation. Mr. Gaines entered a plea of guilty. In October of 1998, after hearing evidence indicating that the defendants intended to rob the defendant and refuting Gaines' contention that the gun discharged accidentally, the Court applied the guidelines and sentenced Mr. Gaines to forty years incarceration.[1] The United States Court of Appeals for the Sixth Circuit affirmed the conviction and sentence in January of 2001, explicitly holding that Sixth Circuit authority required using first degree murder sentencing guidelines where death results from attempted robbery. The Supreme Court of the United States denied certiorari in June of 2001.

Three and a half years after exhausting all appeals, Mr. Gaines tendered to this Court a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. Sec. 2255. Noting the statutory one year limitations period, the Court directed Mr. Gaines to show cause why the matter

---

[1] The indictment was evidently incorrectly drafted, charging second degree murder instead of the first degree murder as to which the United States presented evidence. If first degree murder had been charged in the indictment, a sentence of life imprisonment would have been mandatory.

1

should not be dismissed as untimely. In response, Mr. Gaines pointed to his youth and inexperience (he was 22 at the time of exhaustion of his appeals), but he did not specifically explain his delay. Acting out of an abundance of caution, the Court allowed the Sec. 2255 paper to be filed, but explicitly observed that defendant "has yet ... to provide full explanation" regarding the delay, and observed as well that "the government has had no opportunity to present opposing argument to assist the Court's review." Despite the Court's careful explanation of the specific factors Mr. Gaines needed to address in order to provide "full explanation," he has not offered anything further. Thus, the issue of whether the Court can disregard the untimeliness of Mr. Gaines' filing has now been fully briefed and is presented for decision.

The law concerning equitable tolling and the excuses offered by Mr. Gaines were detailed in the Court's previous opinion and need not be exhaustively reiterated. Applying these legal considerations, the Court concludes that Mr. Gaines has failed to establish entitlement to equitable tolling. As previously noted, in Dunlap v. United States, 250 F.3d 1001 (6th Cir. 2001), the United States Court of Appeals for the Sixth Circuit set out specific factors the Court must consider in determining whether equitable tolling is appropriate. These include lack of actual and constructive notice of the filing deadline, petitioner's diligence in attending to his rights, absence of prejudice to the prosecution, and the reasonableness of petitioner's continued ignorance of his responsibilities. Furthermore, the applicant bears the burden of demonstrating entitlement to equitable tolling. Griffin v. Rogers, 308 F.3d 647 (6th Cir. 2002).

Mr. Gaines states that "he was told by counsel not to file [anything]." He does not explain *when* this instruction was given, under what circumstances, or *by whom* (he had two attorneys of record), nor does he state that he talked at all with his attorneys or either of them about the

availability of collateral attack, whether filed through counsel or pro se. The Court cannot consider this to be "diligence in attending to" his rights. In <u>Jurado v. Burt</u>, 337 F.3d 638 (6th Cir. 2003), the Court held that even attorney error is insufficient to justify equitable tolling. In this case, the circumstances of the claimed directive not to file pro se papers are so hazy as to fall far short of attorney error.

Inmate legal assistance is, of course, readily available in prisons, both through formal legal aides and informally on "the yard." The fact of the existence of habeas corpus and when and how it is to be filed is common knowledge among prisoners. Mr. Gaines suggests, however, that he did not make use of inmate legal aides because of his youth – he was "fresh fish" in danger of predation. This contention is hardly sufficient to justify continued ignorance of his responsibilities. As stated in <u>Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.</u>, 209 F.3d 552, 560 (6th Cir. 2000), "Absent compelling equitable considerations, a court should not extend limitations by even a single day." Yet Mr. Gaines asks this Court to believe that he failed to discuss his legal circumstances with other inmates for three and a half years. This the Court finds to be an insurmountable challenge.

Mr. Gaines also offers "actual innocence" as a justification for equitable tolling. The Sixth Circuit requires that one claiming "actual innocence" present new evidence. <u>Souter v. Jones</u>, 395 F.3d 577 (6th Cir. 2005). In <u>McCray v. Vasbinder</u>, 499 F.3d 568 (6th Cir. 2007), a case involving an untimely challenge to a state court conviction, the court confirmed its adoption of the "actual innocence" test applied in <u>Schlup v. Delo</u>, 513 U.S. 298 (1995): Has the defendant demonstrated that *no* properly instructed juror, aware of the new evidence, could have found him guilty? Mr. Gaines, however, points to no new evidence unavailable at the time of his plea. Neither does he offer any additional contentions beyond that which he offered at the sentencing hearing, i.e., that the

3

gun discharged accidentally. In view of the testimony of the soldier who was with the victim at the time of the shooting, it cannot be said that no reasonable juror could have found him guilty.

There is no question that a sentence of 480 months for crimes committed by a seventeen year old is unsettling, particularly in the federal system, where parole is not available. This Court took no joy in imposing the sentence and that sentence will certainly not bring back the victim, Michael Alonso Caravia. In many ways, the guidelines that lead to such a sentence constitute forceful evidence that our society has failed. Nonetheless, the tensions that create such a sentence are not hard to comprehend: Many voters respond to fear of crime with cries for longer sentences, more forceful prosecution, etc. Prosecutors often find that their justifiable indignation on behalf of innocent victims may lead them to push for ever harsher treatment. At the same time, many of us who work in the criminal justice system see the ongoing effects of extremely long sentences, effects that include recidivism, hopelessness, and even more ruined lives. This has been a difficult case, and it has required that the Court take extra time and extra care to insure results that are just and free of emotional baggage. The Court has carefully re-examined each step of the proceedings -- the decision to transfer Mr. Gaines to adult status, the decision to accept Mr. Gaines' plea of guilty, the decision not to depart from the sentencing guidelines, and the current decision to dismiss Mr. Gaines' Sec. 2255 petition. The Court remains convinced that the decisions accord both with the law and with justice.

An order in conformity has this day entered.