UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:96-CR-24-TBR-1

**ANTHONY CHARLES GAINES, JR. (1)**　　　　　　　　　　　　　　　　**DEFENDANT**

**v.**

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　　　　　　　**PLAINTIFF**

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant Anthony Charles Gaines, Jr.'s Motion to Vacate pursuant to 28 U.S.C. § 2255. [DN 240]. The Sixth Circuit granted Gaines permission to file a second or succession § 2255 motion. [DN 239]. Gaines claims that this Court must vacate his conviction for using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) because the conviction was rendered unconstitutional by *United States v. Davis*, 139 S.Ct. 2319 (2019). [DN 240]. The United States responded, [DN 245], and Gaines replied. [DN 247]. The Magistrate Judge issued a Findings, Conclusion, and Recommendation ("FCR"), recommending that the Court deny the motion to vacate, and that the Court grant a certificate of appealability. [DN 248]. Gaines filed Objections to the FCR. [DN 252]. Gaines also appealed the FCR which was denied by the Sixth Circuit. [DN 251; DN 253; DN 256]. Gaines then filed a Motion to Construe Appeal as an Objection to the FCR, [DN 261] and a Motion to Amend his previous FCR objections. [DN 262]. These matters are now ripe for adjudication. For the reasons set forth below, Gaines's motion to vacate, DN 240, is **DENIED** and the Magistrate Judge's FCR, DN 248, is **ADOPTED in PART** and **REJECTED in PART**. Gaines's Motion to Construe Appeal as an objection to FCR, DN 261, and Motion to Amend, DN 262, are **DENIED as MOOT**.

**I. Background**

1

In 1999, Gaines pled guilty—without a plea agreement—to aiding and abetting second-degree murder in violation of 18 U.S.C. § 1111, aiding and abetting attempted second-degree robbery in violation of 18 U.S.C. § 2111, and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). [DN 193]. This Court sentenced Gaines to 420 months in prison for murder, 180 months for robbery, and 60 months for using a firearm. *Id.*; [DN 114]. This Court ordered the 420 and 180 months to run concurrently, and the 60 months to run consecutively, for a total sentence of 480 months. *Id.* The Sixth Circuit affirmed on direct appeal. [DN 136]. Gaines now asks the Court to vacate his Judgment arguing that his § 924(c) conviction is invalid in light of *Davis* because 18 U.S.C. §§ 1111 and 2111 constitute crimes of violence only under the now invalidated residual clause. [DN 240; DN 247]. The Court has recently addressed the same issue for Gaines's co-defendant, Harris, but will reiterate the holdings below. [*See* DN 242].

**II.   Motion to Vacate**

On December 23, 2020, the Sixth Circuit granted Gaines's motion for authorization to file a second or successive § 2255 motion. [DN 239]. In his motion, Gaines contends that his 60-month sentence on the § 924(c) conviction must be vacated because *United States v. Davis*, 139 S.Ct. 2319, 2336 (2019) deemed part of § 924(c) as unconstitutionally vague. [DN 240]. He argues that "second degree murder under 1111 and attempted robbery do not qualify as crimes of violence under 924 (c)(3)(B)." *Id.* The § 924(c) charge, set out in Count 3 of the superseding indictment, states that Gaines and his co-defendant "did use and carry a firearm during and in relation to a crime of violence as set out in Count 1 and 2 of this Indictment." [DN 134 at 5]. As stated above, Gaines pled guilty to all charges, including the § 924(c) charge, without a plea agreement. [DN 114; DN 134]. However, it is unclear whether Gaines was sentenced under the residual clause of § 924(c)(3)(B) or the elements clause of § 924(c)(3)(A). [DN 248]. Importantly, although *Davis*

declared the residual clause of § 924(c) unconstitutional, it left the elements clause of § 924(c) intact. The Sixth Circuit has explained the functions of the two clauses and their status after *Davis* as follows:

> Federal law creates minimum sentences for criminals who use or possess firearms "during or in relation to" or "in furtherance of" a "crime of violence." § 924(c)(1)(A). That means that conviction under § 924(c) requires not only the firearm use, but also a predicate offense that qualifies as a crime of violence. The law defines a "crime of violence" as any felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3). The first definition is known as the "elements clause," and the second as the "residual clause." Last year, the Supreme Court invalidated the residual clause on constitutional grounds . . . Thus, only crimes that satisfy the elements clause can be predicate offenses for a § 924(c) conviction.

*United States v. Nixon*, 825 F. App'x 360, 364 (6th Cir. 2020).

Defendant argues that it is unclear which of his convictions, Count 1: aiding and abetting second-degree murder, or Count 2: aiding and abetting attempted second-degree robbery, were the predicate for his § 924(c) conviction. [DN 247]. Gaines further argues that even if he was sentenced under § 924(c)'s elements clause, his sentence still must be vacated because neither of the charges in Count 1 or Count 2 constitute crimes of violence under the elements clause. *Id*. Gaines's contention is that as long as one of the two predicate offenses do not qualify as a "crime of violence" then the entire § 924(c) conviction should be invalidated. *Id.* Conversely, the government argues that Gaines's sentence under § 924(c) must stand because Defendant has not shown that *Davis* applies to his case, and second-degree murder and attempted robbery as set out in Counts 1 and 2 of the superseding indictment are crimes of violence under the elements clause of § 924(c)(3)(A). [DN 245].

Similarly, to Gaines's co-defendant, the Magistrate Judge concluded in the FCR that Gaines's motion to vacate is without merit. [DN 248]. The Judge found that because violence is

an element of at least one of the predicate offenses in Count 1 and Count 2, both of which Gaines pled guilty to, Defendant's conviction and sentence under § 924(c) should stand. *Id*. Essentially, the Judge reasoned, as he did with Harris, that because Gaines could properly be convicted of the § 924(c) charge since attempted second-degree robbery is a crime of violence under the elements clause, it does not matter that a conviction under §924(c)'s residual clause would be unconstitutional; Gaines would have been properly convicted and sentenced either way.

Gaines filed objections to the Magistrate Judge's FCR. [DN 251; DN 252; DN 253; DN 261; DN 262]. His objection centered on whether § 1111 should be considered a crime of violence under the elements clause of § 924(c). [DN 262]. In support of his argument, Gaines cites *Borden v. United States*, 141 S. Ct. 1817 (2021), a recent Supreme Court holding that abrogated a variety of cases including *United States v. Verwiebe*, 874 F.3d 258 (6th Cir. 2017). He notes that the government relied on *Verwiebe*, as did the Magistrate Judge, in determining whether § 1111 should be considered a crime of violence under the elements clause definition of § 924(c)(3)(A). *Id.* [*See also* DN 248 at 4; DN 245 at 7]. Based on the argument in his reply, Gaines claims that since his § 1111 conviction is no longer considered a crime of violence under *Borden*, his § 924(c) conviction should be vacated, whether or not his § 2111 conviction remains a crime of violence under § 924(c)(3)(A). [DN 247; DN 262]. Additionally, based on his reply brief, Gaines objects to the government's argument and the Magistrate Judge's determination that attempted second-degree robbery under 18 U.S.C. § 2111 is a crime of violence under § 924(c)(3)(A). [DN 247].

### A. Legal Standard

"A judge of the court shall make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Grounds for a motion to vacate under § 2255 are set forth in the statute as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. 2255(a). "To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). Gaines claims that this Court must vacate his conviction of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c) because the conviction was rendered unconstitutional by *United States v. Davis*, 139 S.Ct. 2319 (2019). [DN 240; DN 247]. *Davis* invalidated the residual clause on constitutional grounds, and the Sixth Circuit has settled that *Davis* announced a new rule of constitutional law that applies retroactively to cases on collateral review. *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020).

### B. Discussion

Gaines argues that because the record is silent on which clause the court relied upon in imposing his § 924(c) sentence, that silence should be construed in his favor to the effect that his § 924(c) sentence is vacated. [DN 247]. As explained above, the Magistrate Judge concluded that the record's silence regarding which clause the court relied on at sentencing is effectively irrelevant, because even if the court did rely on the residual clause, it could have properly sentenced Defendant on the § 924(c) charge by relying on the elements clause. [DN 248]. In his reply brief,

5

Gaines states that "the record is silent to the proper predicates for Gaines['s] 924(c) conviction . . . and that ambiguity should be resolved in Gaines['s] favor. It is [more] likely, than not, that the district court relied on the residual clause at sentencing." [DN 247]. Gaines provides a variety of case law from other circuits in support of this argument, but his belief that his motion to vacate should prevail if he can show it is more likely than not that the district court relied only on the residual clause in sentencing him is incorrect.

Contrary to Gaines's position, the Sixth Circuit cases to date apply the same approach used by the Magistrate Judge in the FRC: as long as the elements clause would have supported the § 924(c) sentence in theory, it is irrelevant that the sentencing court may have relied on the residual clause to support the § 924(c) sentence in fact. *See Alvarez v. United States*, No. 20-3597, 2020 WL 7232200, at *2 (6th Cir. Nov. 23, 2020) (holding that defendant's § 924(c) conviction was "unaffected by *Davis*'s invalidation of § 924(c)(3)(B)" where the predicate offense constituted a crime of violence under the elements clause); *see also Overton v. United States*, No. 19-3407, 2019 WL 5606089, at *2 (6th Cir. Sep. 26, 2019) (holding that defendant's predicate offense qualified "as a crime of violence under § 924(c)'s elements clause . . . [and thus] *Davis*, which invalidated only the residual clause, provides no relief"); *see also Porter v. United States*, 959 F.3d 800, 801–02 (6th Cir. 2020) (finding that, in a defendant's post-*Davis* challenge to conviction under § 924(c), the question for the court is whether the conviction still qualifies as a crime of violence based solely on the elements clause); *Shaw v. United States*, No. 21-5088, 2021 WL 3174976 (6th Cir. July 22, 2021). Put differently, the fact that a sentencing court could have properly relied upon the elements clause in imposing the § 924(c) sentence precludes relief under *Davis*. Accordingly, the Magistrate Judge was correct in relying on the sufficiency of the elements clause to uphold the § 924(c) sentence.

The Magistrate Judge concluded "'that every court to consider the matter' (of which the [Magistrate Judge] was aware) has concluded that § 2111 is a crime of violence under the elements clause." [DN 248 at 2 (citing *United States v. Fultz*, 923 F.3d 1192 (9th Cir. 2019) and *United States v. Ben*, 783 F. App'x 443 (5th Cir. 2019))]. Although Gaines did not address this specific issue in his objections, he did argue that "aiding and abetting attempted robbery is not a 'crime of violence' under the elements clause of 18 U.S.C. 924(c)(3)(A)." [DN 247]. As such, the Court will address it here. Gaines argues against treating § 2111 as a crime of violence because "[f]ederal attempt conviction admits no certainty that the use, attempted use, or threatened use of physical force will be used." *Id.* (citing *United States v. Tucker*, No. 18 CR 0119 (SJ), 2020 WL 93951 at (E.D.N.Y. Jan. 8, 2020)). Essentially, Gaines argues that *attempted* second-degree robbery does not involve a crime of violence as required for conviction under § 924(c)(3)(A) because criminal liability for attempted second-degree robbery attaches at the point of a "substantial step" toward committing second-degree robbery, and "the elements of the attempt offense at issue do not necessarily invol[v]e force." Id. at 6. at 14. The Court, as it did in Gaines's co-defendant's case, disagrees with this interpretation of § 924(c)(3)(A). At the point that liability for *attempted* second-degree robbery attaches, the "attempted use . . . of physical force" has occurred such that the elements clause of § 924(c) is satisfied. It does not matter that the defendant's substantial step toward committing the robbery may not involve an act of force, violence, or intimidation, because he still attempted the use of such force as contemplated by § 924(c). The Court agrees with the Magistrate Judge's conclusion that § 2111 is a crime of violence under § 924(c)'s elements clause.

Gaines's only official objection to the Magistrate Judge's determination was the classification of § 1111 as a crime of violence. [DN 262]. The Magistrate Judge stated "neither the Sixth Circuit nor this Court has yet weighed in on a split of federal circuit authority on the issue

7

of whether § 1111 is a crime of violence under the elements clause definition at § 924(c)(3)(A)." Ultimately, the Magistrate Judge held that § 1111 should be considered a violent crime under § 924(c). In support of this argument, the Judge relies on the dissent in *United States v. Begay*, 934 F.3d 1033 (9th Cir. 2019), which the Ninth Circuit has vacated and is rehearing en banc, and *United States v. Verwiebe*, 874 F.3d 258. Since the Magistrate's determination, *Verwiebe* has been abrogated by the Supreme Court in *Borden v. United States*, holding that "[o]ffenses with a mens rea of recklessness do not qualify as violent felonies under ACCA" because "they do not require, as ACCA does, the active employment of force against another person." 141 S. Ct. 1817, 1834 (2021). The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), includes in its definition of a "violent felony" the exact same phrasing as § 924(c): "has as an element the use, attempted use, or threatened use of physical force against the person of another." The Supreme Court in *Borden* held that a reckless offense does not qualify when a criminal offense requires a "violent felony." 141 S. Ct. 1817, 1821. Under the same reasoning, an offense that requires only a *mens rea* of recklessness would not qualify as "crime of violence" under § 924(c). Given the Supreme Court's recent holding, the Court rejects the Magistrates recommendation regarding the classification of § 1111 as a crime of violence.

   Gaines, in his reply brief, also disagrees with the Magistrate Judge's determination that the issue of whether second-degree murder under 18 U.S.C. § 1111 is a crime of violence under § 924(c)(3)(A) is not of case-dispositive significance. [DN 247]. The Court agrees with the Magistrate Judge's conclusion in the FRC. Only one of Gaines's predicate crimes must be a crime of violence for proper conviction and sentencing under the elements clause of § 924(c). Because attempted second-degree robbery in violation of 18 U.S.C. § 2111 is a crime of violence, Gaines could properly be sentenced under the elements clause of § 924(c), and it does not matter in this

8

case that second-degree murder under 18 U.S.C. §1111 is not a crime of violence. The Magistrate Judge was correct in concluding that the issue of whether second-degree murder under 18 U.S.C. § 1111 is a crime of violence under § 924(c)(3)(A) is not of case-dispositive significance. As such, Gaines's conviction under § 924(c) should not be vacated.

### III.   Certificate of Appealability

In the event Gaines appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

> A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

*Neil v. Forshey*, No. 20-3491, 2020 WL 6498732, at *2 (6th Cir. Oct. 30, 2020). "To make this showing on claims resolved on the merits, [the petitioner] must demonstrate that jurists of reason would find the district court's assessment of his claims debatable." *Oden v. Turner*, No. 20-3131, 2020 WL 4493255, at *2 (6th Cir. July 7, 2020).

The Magistrate Judge recommended that this Court grant Gaines a certificate of appealability on three issues:

> (1) Whether aiding and abetting second-degree murder in violation of 18 U.S.C. § 1111 constitutes a crime of violence under the elements clause definition at § 924(c)(3)(A); (2) Whether aiding and abetting attempted robbery in violation of 18 U.S.C. § 2111 constitutes a crime of violence under the elements clause; and (3) Whether Movant was properly sentenced on 18 U.S.C. § 924 even if one (but not both) of the above crimes does **not** constitute a crime of violence under the elements clause.

Even with the Supreme Court's recent holding regarding § 1111 and § 924(e), few of the issues Gaines raised in his motion, brief, and objections are governed by well-settled law in the Sixth Circuit. Although the law is clearer regarding analysis of a motion to vacate a § 924(c) sentence after *Davis* and *Borden*, room for clarity remains. The Court believes reasonable jurists can disagree on these matters. As such, the Magistrate Judge's recommendation is accepted. This Court grants a certificate of appealability on all three of the issues stated above.

### IV. Conclusion

For the reasons discussed herein, **IT IS HEREBY ORDERED**:

(1) Defendant's motion to vacate, DN 240, is **DENIED**.

(2) The Magistrate Judge's Findings, Conclusion, and Recommendation, DN 248, is **ADOPTED in PART and REJECTED in PART**.

(3) Gaines's Motion to Construe Appeal as an Objection, DN 261, and Motion to Amend, DN 262, are **DENIED as MOOT**.

(4) A Certificate of Appealability is **GRANTED** as to the motion to vacate, as detailed above.

**IT IS SO ORDERED**.

*[Signature: Thomas B. Russell]*

**Thomas B. Russell, Senior Judge**
**United States District Court**

November 15, 2021

cc: counsel

**Anthony Charles Gaines, Jr.**, *pro se*
05966-033
YAZOO CITY LOW
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 5000
Yazoo City, MS 39194