UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CRIMINAL ACTION NO. 5:96-CR-24-TBR-1

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**v.**

**ANTHONY CHARLES GAINES, JR. (1)**                           **DEFENDANT**

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court upon Defendant Anthony Gaines Jr.'s Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). [DN 269]. The United States responded. [DN 274]. Defendant did not timely reply. As such, this matter is ripe for adjudication. For the reasons stated herein, Defendant's motion is DENIED.

### I. Background

A full recitation of the background of this case can be found in previous Court memorandum opinions and orders. [*See, e.g.,* DN 273]. A condensed version is as follows: In 1999, Gaines pled guilty—without a plea agreement—to aiding and abetting second-degree murder in violation of 18 U.S.C. § 1111, aiding and abetting attempted second-degree robbery in violation of 18 U.S.C. § 2111, and using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). [DN 193]. This Court sentenced Gaines to a total sentence of 480 months. *Id.*; [DN 114]. The Sixth Circuit affirmed on direct appeal. [DN 136]. Gaines filed a second or successive motion to vacate his judgment pursuant to 28 U.S.C. § 2255 which the Court denied. [DN 273]. The Defendant has now filed the instant motion, seeking relief under 18 U.S.C. § 3582(c)(1)(A)—The First Step Act. [DN 269].

1

## II.     Legal Standard

The compassionate release statute allows the Court to reduce the term of imprisonment and impose a term of probation or supervised release under certain narrow circumstances. Section 3852(c) provides that:

"The court may not modify a term of imprisonment once it has been imposed except that-

(1) In any case—

(A) *the court*, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier *may reduce the term of imprisonment* (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—*

(i)     *extraordinary and compelling reasons warrant such a reduction ...*"

18 U.S.C.A. § 3582(c)(1)(A) (emphasis added). "The First Step Act modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3852, such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences." *United States of America v. D-1 Duwane Hayes*, No. 16-20491, 2020 WL 7767946, at *1 (E.D. Mich. Dec. 30, 2020) (citing *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020)). "Now, an imprisoned person may file a motion for compassionate release after (1) exhausting the BOP's administrative process; or (2) thirty days after the warden received the compassionate release request—whichever is earlier." *Jones*, 980 F.3d at 1105 (citing First Step Act of 2018, Pub. L. 115-391, Title VI, § 603(b), 132 Stat. 5194, 5239; 18 U.S.C. § 3582(c)(1)(A) (2020)).

Upon satisfying the exhaustion requirement (or upon waiver by the government of this requirement), 18 U.S.C. § 3582(c)(1)(A) requires the Court to engage in a "three-step inquiry" in reviewing compassionate release motions. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. Jan. 6, 2021) (citing *Jones*, 980 F.3d at 1101). First, "the court must 'find' that 'extraordinary and compelling reasons warrant a sentence reduction.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Second, the court must "ensure 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* (citing *Jones*, 980 F.3d at 1101). Although the Sentencing Commission's policy statement on reductions in terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A) is recited at U.S.S.G. § 1B1.13, "the Commission has not updated § 1B1.13 since the First Step Act's passage in December 2018 ... [and] the policy statement does not wholly survive the First Step Act's promulgation." *Jones*, 980 F.3d at 1109 (citing U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018)).

Consequently, the Sixth Circuit in *Jones* decided that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, U.S. Sentencing Guideline § 1B1.13 is no longer an "applicable" policy statement in cases where an incarcerated person, as opposed to the Director of the Bureau of Prisons, files his or her own compassionate release motion in district court. *Jones*, 980 F.3d at 1109. Accordingly, district courts "may skip step two of the § 3582(c)(1)(A) inquiry" and have "full discretion ... to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* at 1109, 1111. Thus, for now, district courts need not ensure that their ideas of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) are consistent with the Sentencing Commission's idea of extraordinary and compelling reasons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) as currently reflected at U.S.S.G. § 1B1.13.

After considering whether extraordinary and compelling reasons warrant a sentence reduction, the district court proceeds to the final step of the analysis. If a sentence reduction is warranted under steps one and two, at step three, the court is to consider whether that reduction is defensible under the circumstances of the case by considering all relevant sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A); *Elias*, 984 F.3d at 518 (citing *Jones*, 980 F.3d at 1101, 1108). Additionally, "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

### III.   Discussion

#### A.   Exhaustion of Administrative Remedies

"Federal law has long authorized courts to reduce the sentences of federal prisoners facing extraordinary health conditions and other serious hardships, but only under very limited circumstances." *United States v. Beck*, 425 F.Supp.3d. 573, No. 1:13-CR-186-6, 2019 WL 2716505, at *4 (M.D.N.C. June 28, 2019). Under the First Step Act, courts are now permitted to "consider motions by defendants for compassionate release without a motion" by the BOP Director "so long as the defendant has asked the Director to bring such a motion and the Director fails to or refuses." *United States v. Marshall*, No. 3:19-CR-00004-JHM, 2020 WL 114437, at *1 (W.D. Ky. Jan. 9, 2020).

On May 9, 2021, Defendant sent a request to the warden of his facility asking the BOP to move for compassionate release under 18 U.S.C. §3582(c)(1)(A). [DN 269-2]. There is no evidence that the warden responded, nevertheless, more than thirty days have passed since Gaines made the request. The Government concedes that the administrative requirements have been met.

4

[DN 274 at 4]. Accordingly, the Court finds that Defendant has properly exhausted his administrative remedies under the First Step Act.

### B. Extraordinary and Compelling Reasons

In support of his request for compassionate release, Defendant primarily argues that (1) his health conditions, (2) his age at the time of conviction, and (3) his post-sentencing rehabilitation together constitute extraordinary and compelling reasons warranting relief. [DN 269]. Upon review, the Court finds that Defendant has failed to establish extraordinary and compelling reasons that warrant his release under 18 U.S.C. § 3582(c)(1)(A). Regardless, considering the totality of Defendant's circumstances, the Court finds that compassionate release would not be appropriate under 18 U.S.C. § 3553(a).

The present motion represents many filed by incarcerated persons around the country who have limited control of their environment, often cannot practice social distancing, and are concerned about contracting COVID-19. The Sixth Circuit acknowledged this concern and approved the following two-part test "for deciding when the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release: (1) when the defendant is at a high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020) (internal quotation marks omitted)).

In support of his motion, Defendant argues that his underlying medical conditions including mild asthma, obesity, hypertension, and eczema increase the risk of Defendant contracting and experiencing "grave illness and death" from COVID-19. [DN 269 at 2–3]. The Government concedes that previously Gaines's "risk factors of mild asthma, obesity and

5

hypertension … ri[s]e to the level of extraordinary and compelling reasons considering the COVID-19 pandemic," however, "[t]hat circumstance now does not exist, as the available vaccines permit effective self-care against severe illness or death that may be caused by the coronavirus." [DN 274 at 6]. Gaines has in fact received two doses of the Pfizer Covid-19 vaccine. [DN 269-1 at 14]. The Sixth Circuit has held that "following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Individuals inside and outside of prison face very similar risk of contracting Covid-19 once vaccinated. *Id.* Additionally, Gaines has failed to show that he is "unable to receive or benefit from [the] vaccine." *United States v. McCall*, No. 21-3400, 2021 WL 5984403, at *5 (6th Cir. Dec. 17, 2021) (citing *Lemons*, 15 F.4th at 751). As such, Gaines's health concerns regarding Covid-19 are neither extraordinary nor compelling.

Further, Defendant is currently housed at FCI Yazoo City Low, in Yazoo City, Mississippi. [DN 269]. As of December 16, 2021, FCI Yazoo City Low has zero inmates and one staff member with confirmed active cases of COVID-19.[1] Although there is an active staff case, there is no outbreak within the prison. Yazoo City FCC houses approximately 3,561 inmates[2] of which 2,745 are currently vaccinated.[3] The risk of contracting the virus is lessened due to Gaines's vaccine status and the sheer number of vaccinated inmates. Therefore, the Court finds that the BOP has made significant efforts to provide meaningful care and FCI Yazoo City Low is equipped to meet Defendant's medical needs. The Court understands Defendant's health concerns, however,

---

[1] *Covid-19 Coronavirus*, FBP, https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 16, 2021).
[2] This includes USP Yazoo City (570), FCI Yazoo City Low (1,592), and FCI Yazoo City Medium (1,462). *See Our Locations*, FBP, https://www.bop.gov/locations (last visited Dec. 16, 2021).
[3] *Covid-19 Coronavirus*, FBP, https://www.bop.gov/coronavirus/index.jsp (last visited Dec. 16, 2021).

Defendant's medical condition is stable, he is housed in a facility that is equipped to meet his medical needs, and there is no current outbreak at FCI Yazoo City Low, therefore, the Court finds that Defendant has failed to establish extraordinary and compelling medical reasons that warrant his release under 18 U.S.C. § 3582(c)(1)(A).

Defendant further argues that his age at the time of sentencing should be a factor for consideration in early release. [DN 269]. This argument is unpersuasive because his age, at the time of sentencing, was a known factor when he was sentenced. "Section 3582(c)(1)(A) precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'" *United States v. Hunter*, No. 21-1275, 2021 WL 3855665, at *9 (6th Cir. Aug. 30, 2021). The Sixth Circuit further explained, "[t]he problem with such an approach is that it renders the general rule of finality and the extraordinary-and-compelling-reasons requirement 'superfluous, void or insignificant.'" *Id.* (citing *Corley v. United States*, 556 U.S. 303, 314 (2009) (internal citations omitted)). This means that only post-sentencing factual developments that provide extraordinary and compelling reasons specific to the defendant may be considered for compassionate release under § 3582(c)(1)(A) "before a court is permitted to weigh (or revisit) the § 3553(a) factors." *Id.* (citing *Setser v. United States*, 566 U.S. 231, 243 (2012) (explaining that § 3582(c)(1)(A) is triggered by "developments that take place after the [original] sentencing")). Further, the court has specifically stated that in order to receive compassionate release, the defendant must show that their "personal circumstances" have "changed so that the district court should weigh the § 3553(a) factors differently than it had at the original sentencing." *Id.*; *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021). Therefore, since Defendant's age was known during the original sentencing, it cannot now be considered an extraordinary and compelling reason to reduce his sentence.

Finally, Defendant discussed his post-conviction rehabilitation record. [DN 269]. Gaines provided a variety of certifications as proof of his completion of a vast number of educational courses as well as letters expressing support of his character and growth. [DN 269-3; DN 269-4]. The Court applauds Defendant's desire to improve himself in preparation for his release. However, "rehabilitation is specifically excluded as an independent basis for compassionate release." *United States v. Wieber*, 2020 WL 1492907 *3 (W.D. Ky. March 27, 2020). The Court is sympathetic to Gaines's situation, but when applying a "holistic review of the circumstances" he was unable to show an extraordinary and compelling reason for release, thus, this motion must be denied. [DN 269 at 3].

### C. 18 U.S.C. § 3553(a) Factors

Considering the totality of Defendant's circumstances, and the binding Sixth Circuit precedent, Defendant's compassionate release under 18 U.S.C. § 3582(c)(1)(A) is not warranted. Nonetheless, even though the Court has found Defendant is not entitled to compassionate release, the Court will weigh the sentencing factors in § 3553(a). *United States v. Willis*, 382 F.Supp.3d 1185, 1188 (D.N.M. 2019). Pursuant to § 3553(a), a court imposing a sentence shall consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for [the applicable offense category as set forth in the guidelines];

(5) any pertinent policy statement ... by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court finds that compassionate release is not appropriate in this case. The "nature and circumstances" and "history and characteristics" weigh heavily against relief. Defendant was convicted because of his involvement in a murder resulting from an attempted armed robbery. [DN 134]. Defendant had a base offense level of 41 and a criminal history category of III. *Id.* Further, the Court finds that releasing Defendant early would minimize the seriousness of his crimes, fail to afford adequate deterrence to criminal conduct, and would be unjust in light of the serious nature of his crimes. Accordingly, the Court must deny Defendant's motion.

### IV. Conclusion

For the reasons state, **IT IS HEREBY ORDRED** that Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), [DN 269], is **DENIED**.

**IT IS SO ORDERED**.

cc: counsel

**Anthony Charles Gaines, Jr.**, *pro se*
05966-033
YAZOO CITY LOW
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 5000
Yazoo City, MS 39194

**Thomas B. Russell, Senior Judge**
**United States District Court**

December 20, 2021